UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RAFIQ ROBINSON**<br>11 Nicholson Street, N.W.<br>Apt 208<br>Washington, DC 20022<br><br>Plaintiff, on behalf of himself and all others<br>similarly situated,<br><br>   v.<br><br>**GOVERNMENT OF THE DISTRICT OF**<br>**COLUMBIA,**<br><br>**SERVE:**<br>Mayor Muriel Bowser<br>Designee Darlene Fields<br>Civil Litigation Division,<br>Ste 600 South<br>441 4th Street, NW<br>Washington DC 20001<br><br>and<br><br>Karl A. Racine, Esq.<br>D.C. Attorney General<br>Designee Darlene Fields<br>Civil Litigation Division,<br>Ste 600 South<br>441 4th Street, NW<br>Washington DC 20001<br><br>Defendant. | Civil Action No.: |

## CLASS ACTION

Complaint for Judgment and Money Damages and Injunctive Relief and Equitable Relief and
Declaratory Relief and Jury Demand

(§ 1983 Civil Rights Claims)

## Introduction

**1.**      Rafiq Robinson on behalf of himself and the Arrest Class and the Prosecution Class (defined below) brings this action against the Government of the District of Columbia (the "District") for injuries they suffered during the Class Period because the District through the "MPD" (the District of Columbia Metropolitan Police Department) arrested him and the other members of the Arrest Class and the District through the District of Columbia Office of the Attorney General ("OAG") and the "United States attorney for the District of Columbia or his assistants" (the "US Attorney") prosecuted Mr. Robinson and the other members of the Prosecution Class under the District's unconstitutional "POCA" statute ("Possession of Open Container of Alcohol"), D.C. Code § 25-1001(a)(1), for carrying a container of alcohol that had been opened and then closed (*e.g.*, cap screwed back on, cork replaced) in one of the places prohibited by the statute.

**2.**      The POCA statute, because of the definition of "open container" added to the statute in 1998, is overbroad under the 5th Amendment because it criminalizes such innocent conduct as going to a restaurant, enjoying part of a bottle of wine, re-corking the bottle, and then carrying it to one's car and driving home with the bottle in the trunk of the car. D.C. Code § 25-101(35); "Opened Alcoholic Beverage Containers Amendment Act of 1998".

**3.**      The POCA statute, to the extent that it criminalizes possession of an unsealed but closed container of alcohol in public, violates the second prong of the vagueness doctrine under the 5th Amendment, the arbitrary and discriminatory enforcement prong. An additional, independent,

reason the POCA statute violates due process is because it lacks an appropriate *mens rea* requirement on each element, and it is not rationally related to any legitimate government purpose.

**4.**     The arrests injured Mr. Robinson and the other members of the Arrest Class by depriving them of their liberty and causing them other damages.  It also left them with arrest records. The arrests caused them foreseeable, consequential damages when they were prosecuted.

**5.**     The prosecutions injured Mr. Robinson and the other members of the Prosecution Class because the OAG or the US Attorney, with the consent of the OAG, initiated a prosecution against Mr. Robinson and the other members of the Prosecution Class and they had to defend themselves and they suffered limits on their freedom pending disposition of their cases and they suffered other injuries.

## Jurisdiction and Venue

**6.**     This Court has original jurisdiction over the § 1983 claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

**7.**     Venue is appropriate in this District.  Each of the claims for relief arose in this judicial district and all events described herein occurred in the District of Columbia.

## Parties

**8.**     Mr. Robinson is an adult who was arrested for possessing in one of the prohibited places a pint bottle of vodka which had been opened and then re-capped and put in his back pocket, that is, possessing an unsealed but closed container of alcohol in one of the prohibited places, an alley.

**9.**     The District is a municipal corporation capable of being sued under D.C. Code § 1-102.

**10.**     During all events described herein, all police officers referred to herein, named or unnamed, unless otherwise specified, were police officers of the District of Columbia Metropolitan Police Department acting within the scope of that employment, in furtherance of the interests of the District of Columbia, and under color of the statutes, ordinances, rules, customs, and usage of the District of Columbia.

## The US Attorney

**11.**     The US Attorney is not a defendant in this case. Typically the OAG prosecutes POCA charges under D.C. Code § 23-101(a) because the maximum jail time is less than a year. D.C. Code § 25-1001(d)( maximum jail time 60 days). But, the "United States attorney for the District of Columbia or his assistants" prosecutes POCA cases, if the OAG consents, when a POCA charge is joined with a US Attorney misdemeanor or felony pursuant to D.C. Code § 23-101(d). Section 23-101 is part of an "Act of Congress applicable exclusively[1] to the District of Columbia," and thus is "considered to be a statute of the District of Columbia" for purposes of § 1983. 42 USCA § 1983.

## POCA

**12.**     D.C. Code § 25-1001(a)(1) *et seq.* is the District's POCA statute.

**13.**     The statute makes it a crime to "drink an alcoholic beverage or possess in an open container an alcoholic beverage" in certain public places such as streets, alleys, sidewalks, vehicles

---

[1] D.C. Code § 23-101 derives from an Act to Establish a Code of Law for the District of Columbia, ch. 854, § 932-933, 31 Stat. 1189, 1340-41 (1901). The District of Columbia Court Reform and Criminal Procedure Act of 1970, PL91- 358, 84 Stat. 473, 604-605 (1970), created the current version. D.C. Code § 1-204.35(AG elected).

in such places. D.C. Code § 25-1001(a)(1) to (6). "Open container" means a bottle, can, or other container that is open or from which the top, cap, cork, seal, or tab seal has at some time been removed. D.C. Code § 25-101(35).

**14.**    The POCA statute lacks a *mens rea* requirement on each of its elements.

**15.**    The POCA statute is a "gateway" statute, that is, the MPD frequently use it as an offense to furnish probable cause to search for drugs or other contraband. Bean v. United States, 17 A.3d 635, 636 (D.C. 2011). Typically in such cases the MPD do not charge the POCA offense. Id.

**16.**    Under a previous version of the statute mere possession in a prohibited place of a closed container containing an alcoholic beverage (even if that container had been previously opened) did not, without more, constitute a violation of the POCA statute.

**17.**    But, the "Opened Alcoholic Beverage Containers Amendment Act of 1998" amended the statute by adding a definitional section to the Alcoholic Beverages chapter of the District of Columbia Code, which now reads in part: " 'Open container' means a bottle, can, or other container that is open or from which the top, cap, cork, seal, or tab seal has *at some time been removed*." D.C. Code § 25-101(35) (2001) (emphasis added).

**18.**    The District of Columbia Court of Appeals has construed the amended POCA statute with the new definitional section so that merely possessing a container of alcohol in a prohibited place even when the container is closed (after having been opened and then re-closed) when discovered by the police and even without an intent to consume the alcohol in one of the prohibited places, without more constitutes a violation of POCA. Bean v. United States, 17 A.3d 635, 637 (D.C. 2011).

**19.**     The District of Columbia Court of Appeals has not placed a limiting gloss on the POCA statute by reading the section a limiting it "to prohibit possession with the intent of the possessor or another to consume in one of the proscribed public places."

### Details of plaintiff's arrest and prosecution

**20.**     Mr. Robinson's contact with MPD began about 9:00 pm on October 24, 2015 in the west alley along-side of 104 Kennedy Street N.W. in the District.

**21.**     Mr. Robinson was stopped by Officer Kenneth Thompkins (#7127) of the MPD for an uncharged incident unrelated to the POCA charge.

**22.**     When conducting a search of Mr. Robinson, Officer Thompkins says he found a bottle of Taaka Genuine Vodka in the right rear pocket of Mr. Robinson's pants.

**23.**     Officer Thompkins said that the bottle was "half full," and the top was on the bottle.

**24.**     Officer Thompkins also says that he identified the contents of the bottle as alcohol by the odor.

**25.**     Mr. Robinson showed no signs of intoxication.

**26.**     Mr. Robinson did not drink from the bottle while he was in public.

**27.**     The bottle was not visible while Mr. Robinson was in public.

**28.**     Mr. Robinson had not demonstrated any intention of drinking from the bottle while in public.

**29.**     Nonetheless, Officer Thompkins arrested Mr. Robinson for POCA and had him transported to the 4D station.

**30.**     After a few hours at the station (where Mr. Robinson was booked and fingerprinted) Mr. Robinson was released on citation. D.C. Code § 23-584.

**31.**     On November 6, 2015, the OAG by information charged Mr. Robinson under D.C. Code § 25-1001(a)(1) with possessing an unsealed container of alcohol in one of the places prohibited by the POCA statute.

**32.**     On November 11, 2015 Mr. Robinson appeared in Superior Court and was arraigned on a charge of possessing an unsealed container of alcohol in one of the places prohibited by the POCA statute by a judicial officer of the District of Columbia and he entered a plea of not guilty.

**33.**     The trial court set a trial date for Mr. Robinson for 12/17/2015.

**34.**     Mr. Robinson was released on his personal promise to re-appear.

**35.**     On 12/17/2015 Mr. Robinson re-appeared.

**36.**     The Superior Court dismissed the case for want of prosecution when the government announced not ready.

## Substantive Allegations For Claims

### The Panhandling Statute Is Facially Unconstitutional Under The 5th Amendment

### Claim 1

### § 1983 Liability of District of Columbia under the Fifth Amendment for unlawful arrests

**37.**     Mr. Robinson adopts by reference the contents of the preceding paragraphs as if fully set forth herein.

**38.**    The District of Columbia violated the Fifth Amendment rights of Mr. Robinson and the other members of the Arrest Class by arresting them for possessing an unsealed container of alcohol in one of the places prohibited by the POCA statute.

**39.**    The arrests under the POCA statute violated their Fifth Amendment rights because the statute violates the second prong of the vagueness doctrine, the arbitrary and discriminatory enforcement prong.

**40.**    The POCA statute, by prohibiting mere possession in a public place of an unsealed but closed container of an alcoholic beverage, without requiring proof of any intent to consume, violates the Fifth Amendment. In order to be upheld as constitutional, a law which places some restriction upon an individual's freedom of action in the name of the police power must bear some reasonable relation to the public good.

**41.**    The unconstitutional arrests injured Mr. Robinson and the other members of the Arrest Class by depriving them of their liberty and by causing them emotional distress and by causing them foreseeable damages from the prosecutions.

**42.**    Therefore, Mr. Robinson and the other members of the Arrest Class are entitled to damages and other relief as set forth below.

## Claim 2

## § 1983 Liability of District of Columbia for Violations of the Fifth Amendment for unlawful prosecutions

**43.**    Mr. Robinson adopts by reference the contents of the preceding paragraphs as if fully set forth herein.

**44.**     The POCA statute violates the Fifth Amendment for the reasons stated above.

**45.**     But still the District enforced the unconstitutional POCA statute by prosecuting persons for possessing an unsealed container of alcohol in one of the places prohibited by the statute through its OAG and authorizing and consenting to prosecutions under the POCA statute by the US Attorney.

**46.**     The prosecutions under the unconstitutional POCA statute injured Mr. Robinson and the other members of the Prosecution Class by depriving them of their liberty and by causing them emotional distress and by causing them other foreseeable damages from the prosecutions.

**47.**     Therefore, Mr. Robinson and the other members of the Prosecution Class are entitled to damages and other relief as set forth below.

Rule 23 Class Allegations

**48.**     Mr. Robinson on behalf of himself and the Arrest Class bring this action under Rules 23(a), 23(b) (2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of each person who: (i) in the period beginning three years before the date of filing of the original complaint in this case and going forward until the case is terminated; (ii) was arrested under the POCA statute for possessing an unsealed but closed container of alcohol in one of the prohibited places specified in D.C. Code § 25-1001(a).

**49.**     Mr. Robinson on behalf of himself and the other members of the Prosecution Class bring this action under Rules 23(a), 23(b) (2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of each person who: (i) in the period beginning three years before the date of filing of the original complaint in this case and going forward until the case is terminated;

(ii) was prosecuted under the POCA statute for possessing an unsealed but closed container of alcohol in one of the prohibited places specified in D.C. Code § 25-1001(a).

50.     Certification of these classes under Federal Rule of Civil Procedure 23(b)(2) is appropriate, because the District of Columbia has a policy for each claim that has uniformly affected all members of each class, and injunctive relief and declaratory judgment and a judgment against the District will benefit Mr. Robinson and each and every class member.

51.     The Classes are entitled to injunctive relief including an injunction prohibiting enforcement of the POCA statute to the extent that it criminalizes possessing an unsealed but closed container of alcohol in one of the prohibited places specified in D.C. Code § 25-1001(a) and sealing of the arrest records of class members for their arrests under the POCA statute.

52.     Mr. Robinson and the classes are entitled to declaratory judgment against the District that D.C. Code § 25-1001(a) to the extent it criminalizes possessing an unsealed but closed container of alcohol in one of the prohibited places specified in D.C. Code § 25-1001(a) during the Class Period is facially unconstitutional and their arrests on those charges are a nullity.

53.     Certification of these classes under Federal Rule of Civil Procedure 23(b)(3) is also appropriate, in that common questions of law and fact predominate over any individual questions, and class action treatment is superior for the fair and efficient adjudication of these class claims as detailed below.

54.     These classes are entitled to monetary relief.

55.     Regarding Mr. Robinson and these classes, there are no individual questions on the issue of liability, because all members of these classes are injured by the same policy and practices.

56.     Among the questions of law and fact common to the classes are:

a)      whether the POCA statute D.C. Code § 25-1001(a) in conjunction with D.C. Code § 25-101(35) violates the Fifth Amendment because it is facially unconstitutionally vague under the second prong of the vagueness doctrine, the arbitrary and discriminatory enforcement prong  to the extent it criminalizes possessing an unsealed but closed container of alcohol in one of the prohibited places specified in D.C. Code § 25-1001(a);

b)      whether the POCA statute D.C. Code § 25-1001(a) in conjunction with D.C. Code § 25-101(35) prong  to the extent it criminalizes possessing an unsealed but closed container of alcohol in one of the prohibited places specified in D.C. Code § 25-1001(a) violates the Fifth Amendment because it is facially unconstitutional because it lacks a *mens rea* requirement;

c)      whether the POCA statute D.C. Code § 25-1001(a) in conjunction with D.C. Code § 25-101(35) prong  to the extent it criminalizes possessing an unsealed but closed container of alcohol in one of the prohibited places specified in D.C. Code § 25-1001(a) violates the Fifth Amendment because it is facially unconstitutional because it lacks a rational relation to a legitimate government purpose;

d)      whether Mr. Robinson and the members of the classes and future members are entitled to equitable relief, and, if so, what is the nature of that relief;

e)      whether determination of damages suffered by the Classes can be awarded by a jury setting a damages matrix for determination of all class members' damages;

f)      whether Class members are entitled to "general" damages for arrest and detention; and

**g)**      whether determination of general damages suffered by a statistically representative sample of the class provides the basis for determination of all class members' damages.

**57.**      Each of the Arrest Class and the Prosecution Class is so numerous that joinder of all members is impracticable. The exact number of the members Arrest Class and the Prosecution Class members is unknown to plaintiffs at this time but the number of persons arrested or prosecuted under the POCA statute for possessing an unsealed but closed container of alcohol in one of the prohibited places each year numbers at least 50.

**58.**      Each of Mr. Robinson's claims are typical of the claims of the other members of the Arrest Class and the Prosecution Class, because Mr. Robinson and all other members of the Arrest Class and the Prosecution Class were injured by exactly the same means, the unconstitutionality and overbreadth of the POCA statute.

**59.**      Each of Mr. Robinson on behalf of himself and the other members of the Arrest Class and the Prosecution Class will fairly and adequately protect the interests of the members of the Classes and they have retained counsel who is competent and experienced in complex federal civil rights class action litigation.

**60.**      Mr. Robinson on behalf of himself and the Arrest Class and the Prosecution Class has no interests that are contrary to or in conflict with those of the Classes.

## CLASS RELIEF DEMANDS

Mr. Robinson on behalf of himself and all other members of the Arrest Class and the Prosecution Class respectfully request that this Court grant the following relief:

**A.**      Enter judgment in their favor on all of their claims;

**B.** Declare the POCA statute under D.C. Code § 25-1001(a) to the extent that it criminalizes possession of an unsealed but closed container of alcohol in public unconstitutional under the Fifth Amendment and overbroad under the First Amendment and enjoin the District from implementing D.C. Code § 25-101(35).

**C.** Award Mr. Robinson and the putative class members' nominal damages in connection with any declaration that D.C. Code § 25-1001(a) is unconstitutional or overbroad.

**D.** Grant a jury trial on all claims so triable.

**E.** Declare that this action may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) and certifying the Arrest Class and the Prosecution Class, and designating Mr. Robinson as the proper representatives of the Arrest Class, and designating Mr. Robinson as the proper representatives of the Prosecution Class, and appointing William Claiborne and Michael Bruckheim as class counsel of both Classes.

**F.** Declare that this action may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a), 23(b) (2) and 23(b)(3).

**G.** Award all the Arrest Class and the Prosecution Class plaintiffs and class members injunctive relief in the form of sealing their arrest records for POCA to the extent that they were arrested or prosecuted for possession of an unsealed but closed container of alcohol in public and declaring the arrests a nullity;

**H.** Award all plaintiffs and class members compensatory and consequential damages in an amount to be determined at trial;

**I.** Award plaintiffs attorneys' fees and costs incurred in bringing this action under 42 U.S.C. § 1988 or as determined under the "common fund" rule; and

**J.**              Grant such other relief as this Court deems just and proper.

| | |
|---|---|
| Respectfully submitted,<br><br>/s/ William Claiborne<br>WILLIAM CLAIBORNE<br>D.C. Bar # 446579<br><br>Counsel for Mr. Robinson on behalf of himself and the putative class members<br><br>2020 Pennsylvania Ave., N.W<br>Suite 395<br>Washington, DC 20006<br>Phone 202/824-0700<br><br>Email claibornelaw@gmail.com | Respectfully submitted,<br><br>/s/ Michael Bruckheim<br>MICHAEL BRUCKHEIM<br>D.C. Bar # 455192.<br><br>Counsel for Mr. Robinson on behalf of himself and the putative class members<br><br>1 Church St<br># 910<br>Rockville, MD 20850<br>Phone (240) 753-8222 |

### JURY DEMAND

Plaintiffs demand a jury of six as to all claims so triable.


/s/William Claiborne
WILLIAM CLAIBORNE
D.C. Bar # 446579